# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, National Association,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:12-cv-2660-KOB |
| **NEW COVENANT FELLOWSHIP, CHURCH, INC., and PENTECOSTAL TEMPLE, LLC, d/b/a PENTECOSTAL TEMPLE CHURCH OF GOD IN CHRIST,** ) ) ) ) ) ) ) | |
| Defendants. ) | |

## 30-DAY RECEIVER REPORT

**COMES NOW** the Warren Averett, LLC, in its capacity as Court-appointed receiver ("Receiver"), by and through its undersigned counsel, and submits this 30-Day Receiver Report (the "Report") in accordance with the *Amended and Restated Order Appointing Receiver* entered by the Court on August 20, 2012 [Docket No. 14] (the "Receiver Order").  Attached hereto as **Exhibits 1, 2, and 3**, respectively, are an accounting of cash receipts and disbursements summary indicating all expenses paid in the previous month, an income statement, and a balance sheet. As of the date of this Report, no advances have been received by the Receiver from the plaintiff Wells Fargo Bank, National Association ("Plaintiff" or "Bank").  The

1

following timeline is provided to briefly update the Court and all parties as to the status of the Receiver Collateral and the Receivership:

1. Warren Averett, LLC was appointed as Receiver on August 10, 2012 [Docket No. 6]. The Receiver retained the law firm of Bradley Arant Boult Cummings LLP to represent the Receiver in this matter.

2. Upon appointment, the Receiver took immediate possession and control of the Receiver Collateral, as defined in the Court's Receiver Order.

3. The Receiver first verified that the Plaintiff had force-placed insurance coverage on the property, and then began work to identify and secure insurance coverage for the property.

4. The Receiver paid for and obtained insurance coverage on the property on August 16, 2012 with Zurich. A true and correct copy of the insurance declaration is attached hereto as **Exhibit 4** and incorporated herein.

5. In accordance with the agreement made by the parties in open Court on August 10, 2012, as memorialized in the Court's Order [See Docket No. 6, Section 15], the Receiver entered into a *Lease Agreement* dated August 10, 2012 (the "Lease") with Pentecostal Temple, LLC d/b/a Pentecostal Temple, Church of God in Christ (the "Tenant") for the Receiver Collateral.

6. The Tenant defaulted under the Lease for, among other reasons, failing to make the $3,750.00 rental payment due and owing on August 17, 2012,

failing to maintain comprehensive general liability insurance in the minimum amount of $5,000,000.00, and providing child care services at the property in contravention of Section 4 of the Lease (collectively, the "Defaults").

7. By letter dated August 20, 2012 (the "Original Default Notice"), Receiver notified Tenant of the Defaults and provided Tenant with ten (10) days notice to cure all of the Defaults on or before August 30, 2012.

8. As of August 31, 2012, Tenant had failed to cure the Defaults existing under the Lease. Accordingly, by letter dated August 31, 2012 (the "Termination Letter"), the Receiver terminated the Lease and demanded that the Tenant surrender possession of the Receiver Collateral on or before 5:00 PM (Central), August 31, 2012. Despite the Termination Letter, Tenant remained on the property and failed to surrender and deliver up possession of the same to the Receiver.

9. On September 4, 2012, the Receiver filed a motion requesting that the Court enter an Order authorizing and directing the Clerk of Court to immediately issue a writ of possession for the Receiver Collateral [Docket No. 15].

10. After a hearing on September 6, 2012, the Court entered an *Order Directing the Clerk of Court to Issue Immediate Writ of Possession for the Leased Premises* on September 7, 2012 [Docket No. 24], directing the Clerk of the Court to issue a writ of possession directing the United States Marshal to immediately seize the Receiver Collateral and restore the same to the Receiver.

3

11. On Monday, September 10, 2012, the Clerk of the Court issued a *Writ of Possession* [Docket No. 25] (the "Writ"), directing the U.S. Marshal to seize the Receiver Collateral and restore the same to the Receiver. That same day, the U. S. Marshal executed upon the Writ and restored possession of the Receiver Collateral to the Receiver. The Receiver entered the Receiver Collateral and immediately directed a company to change all locks.

12. Based upon word received indirectly from Tenant, and based upon the state and appearance of the Receiver Collateral at the time of the U.S. Marshal's execution of the Writ, it appeared that the Tenant had already vacated and was no longer occupying the Receiver Collateral.

13. After taking possession of the Receiver Collateral, the Receiver reinstalled the alarm system for the building, transferred the alarm servicing into the name of the Receiver, and placed chains and locks on the adjoining recreational fields to secure the collateral as much as possible. The Receiver also transferred the utilities, including electricity, into the name of the Receiver as of September 12, 2012.

14. Presently, the Receiver continues to take a physical inventory of the personal property located within the building. By letter dated September 11, 2012, the Receiver sent a ten (10) day notice to claim personal property to New Covenant Fellowship Church, Inc. ("New Covenant") and Tenant.

15. As of the date of this Report, New Covenant has responded by written letter and stated that it does not claim an interest in any of the personal property. Tenant has not responded, though two associates of Tenant, Ms. Emma Perry and Mr. Dewitt Thomas, have submitted claims to certain personal property located on the Receiver Collateral. Receiver has provided written notice of both claims to New Covenant and Tenant, and an opportunity to respond.

16. Presently the Receiver has possession of and continues to maintain the Receiver Collateral. The Receiver Collateral is insured, physically secured, and consistently monitored through 3rd party security system monitoring as well as frequent site visits by the Receiver.

17. By letter dated September 13, 2012, the Receiver, with the approval of New Covenant and Bank, provided Tenant with the option to reinstate the exclusive purchase option set forth in Section 14 of the Lease. However, Tenant failed to exercise the option to reinstate, which terminated on September 19, 2012.

18. The Receiver is now working to identify potential purchasers for the property in an effort to quickly arrive at a resolution for all parties.

/s/ Glenn E. Glover  
Glenn E. Glover  
Jenny Henderson  
Attorneys for Warren Averett, LLC

**OF COUNSEL:**

Glenn E. Glover
Jenny Henderson
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama
Telephone: (205) 521-8647
Telecopier: (205) 488-6524
gglover@babc.com
jhenderson@babc.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2012, I caused a copy of the foregoing to be served by the Court's CM/ECF electronic notification, electronic mail, and/or by United States First Class Mail, properly addressed and postage prepaid, upon the following:

James S. Roberts, Jr.
Townes Woods & Roberts PC
717 Kerr Drive
PO Box 96
Gardendale, Alabama 35071
Fax: 205-271-7998
jroberts@twrpc.com
*Attorney for New Covenant*
*(via ECF and email)*

John Seymour Somerset
Sudderth & Somerset
5385 1st Ave. North
Birmingham, Alabama 35212-2401
Fax: 205-595-4632
jjsomerset@charter.net
sandsattys@bham.rr.com
*Attorney for Pentecostal Temple, LLC*
*(via email and US First Class Mail)*

1/2387716.1

Eric L. Pruitt
W. Patton Hahn
Marianne H. Combs
Baker Donelson Bearman Caldwell & Berkowitz PC
1600 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5202
epruitt@bakerdonelson.com
phahn@bakerdonelson.com
mcombs@bakerdonelson.com
*Attorneys for Wells Fargo Bank*
*(via ECF and email)*

Pentecostal Temple, LLC
c/o Pastor Hosea Agee
1009 Jeffery Drive
Roebuck, Alabama 35235
joseaAgee@yahoo.com
*(via email and US First Class Mail)*

Monica Y. Agee
PO Box 611517
Birmingham, Alabama 35261-1517
monicaagee@yahoo.com
*(via email and US First Class Mail)*

/s/  Glenn E. Glover
Of Counsel