# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, National Association,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:12-cv-2660-KOB<br>) |
| **NEW COVENANT FELLOWSHIP, CHURCH, INC., and PENTECOSTAL TEMPLE, LLC, d/b/a PENTECOSTAL TEMPLE CHURCH OF GOD IN CHRIST,** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## 30-DAY RECEIVER REPORT

**COMES NOW** Warren Averett, LLC, in its capacity as Court-appointed receiver ("Receiver"), by and through its undersigned counsel, and submits this second *30-Day Receiver Report* (the "Report") in accordance with the *Amended and Restated Order Appointing Receiver* entered by the Court on August 20, 2012 [Docket No. 14] (the "Receiver Order"). Attached hereto as **Exhibits 1, 2, 3, and 4**, respectively, are an accounting of cash receipts and disbursements summary indicating all expenses paid in the previous month, an income statement, a balance sheet, and a statement of advances received by the Receiver from the plaintiff Wells Fargo Bank, National Association ("Plaintiff" or "Bank"), each of which is current through September 30, 2012.

1

1/2401293.1

Additionally, the following narrative is provided to briefly update the Court and all parties as to the status of the Receiver Collateral and the Receivership since the filing of the original *30-Day Status Report* on September 20, 2012 [Doc. No. 27] (the "Original Report").  All terms not otherwise defined herein shall have the meanings ascribed to them in the Original Report.

1. Presently the Receiver has possession of and continues to maintain the Receiver Collateral.  The Receiver Collateral is insured, physically secured, and consistently monitored through 3rd party security system monitoring as well as frequent site visits by the Receiver.

2. Unfortunately, there have been break-ins on three occasions since Receiver took possession over the property.  When the break-ins have occurred, the Receiver has been notified by an agent of the security system, and then the security system has reported the break-ins to local authorities.  Following each of the break-ins, Receiver has observed the Receiver Collateral to determine the damage and what, if any, items are missing.  Since the break-ins have occurred, the Receiver has not discovered any missing items.  Attached hereto as **Exhibit 5** is a summary of the break-ins that have occurred to date.

3. The Receiver also continues to take a physical inventory of the personal property located within the building.  As set forth in the Original Report, by letter dated September 11, 2012, the Receiver sent a ten (10) day notice to claim

personal property to New Covenant and Tenant ("Claim Letter").  As also set forth in the Original Report, New Covenant responded by written letter and stated that it does not claim an interest in any of the personal property.

4. Tenant has not responded to the Claim Letter, though four associates of Tenant – Ms. Emma Perry, Mr. Dewitt Thomas, Mr. Luster Elamin, and Mr. Jose Bega – have submitted claims to certain personal property located in four offices of the building.  Receiver has provided written notice of these claims to New Covenant and Tenant, and provided each with an opportunity to respond. New Covenant has responded that it does not have any interest in the personal property made subject of the four claims.  Tenant has not responded.

5. As set forth in the Original Report, by letter dated September 13, 2012 (the "Option Letter"), the Receiver, with the approval of New Covenant and Bank, provided Tenant with the option to reinstate the exclusive purchase option set forth in Section 14 of the Lease.  As also set forth in the Original Report, Tenant had failed to exercise this option by September 19, 2012.

6. On September 26, 2012, however, Tenant did provide the Receiver with a signed copy of the Option Letter.   Tenant did not, however, exercise the exclusive purchase option prior to September 30, 2012, and the Receiver has not had any further correspondence with the Tenant regarding a purchase of the

Receiver Collateral since the Tenant provided the Receiver with the signed copy of the Option Letter on September 26, 2012.

7.      The Receiver continues to work to identify potential purchasers for the property in an effort to quickly arrive at a resolution for all parties.

/s/ Glenn E. Glover
Glenn E. Glover
One of the Attorneys for Warren Averett, LLC

**OF COUNSEL:**

Glenn E. Glover
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama
Telephone: (205) 521-8647
Telecopier: (205) 488-6524
gglover@babc.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2012, I caused a copy of the foregoing to be served by the Court's CM/ECF electronic notification, electronic mail, and/or by United States First Class Mail, properly addressed and postage prepaid, upon the following:

James S. Roberts, Jr.
Townes Woods & Roberts PC
717 Kerr Drive
PO Box 96
Gardendale, Alabama 35071
Fax: 205-271-7998
jroberts@twrpc.com
*Attorney for New Covenant*
*(via ECF and email)*

John Seymour Somerset
Sudderth & Somerset
5385 1st Ave. North
Birmingham, Alabama 35212-2401
Fax: 205-595-4632
jjsomerset@charter.net
sandsattys@bham.rr.com
*(via US First Class Mail)*

Eric L. Pruitt
W. Patton Hahn
Marianne H. Combs
Baker Donelson Bearman Caldwell & Berkowitz PC
1600 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5202
epruitt@bakerdonelson.com
phahn@bakerdonelson.com
mcombs@bakerdonelson.com
*Attorneys for Wells Fargo Bank*
*(via ECF and email)*

Pentecostal Temple, LLC
c/o Pastor Hosea Agee
1009 Jeffery Drive
Roebuck, Alabama 35235
hoseaAgee@yahoo.com
*(via email and US First Class Mail)*

Monica Y. Agee
PO Box 611517
Birmingham, Alabama 35261-1517
monicaagee@yahoo.com
*(via email and US First Class Mail)*

/s/ Glenn E. Glover
Of Counsel

5

1/2401293.1